# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————

|  |  |
|---|---|
| **IN RE: INVOKANA (CANAGLIFLOZIN) PRODUCTS LIABILITY LITIGATION** | **: MDL NO. 2750**<br>**:**<br>**: Case 3:16-md-02750-BRM-LHG**<br>**:** |
| *This Document Relates to All Actions* | **: JUDGE BRIAN R. MARTINOTTI**<br>**: JUDGE LOIS H. GOODMAN** |

—————————————————————

## APPLICATION OF CHRISTOPHER A. SEEGER
## FOR APPOINTMENT AS  LIAISON COUNSEL

In accordance with the Court's Initial Case Management Order, I, Christopher A. Seeger, respectfully submit this application for appointment as Plaintiffs' Liaison Counsel in the above-referenced multidistrict litigation.  As the Court is aware, I had been serving as Interim Co-Liaison Counsel for the Invokana cases before Your Honor in the District of New Jersey prior to formation of the MDL, and have continued in this role pursuant to the Court's  Initial Case Management Order, dated December 21, 2016.  In this capacity, I have successfully advocated on plaintiffs' behalf and strived to move this litigation forward through cooperative and constructive discussions with defense counsel.  At such time that the Court requests applications for Plaintiffs' leadership positions, I intend to seek appointment to Plaintiffs' Lead or Co-Lead Counsel, or to membership on the Executive Committee or Plaintiffs' Steering Committee.

I am a founding partner of Seeger Weiss LLP, a New York City-based law firm comprised of approximately 25 lawyers and 80 employees in three states representing individuals and entities injured nationwide by all manner of corporate misconduct.  My litigation practice has spanned many different disciplines, including but not limited to: products liability involving pharmaceutical and medical devices; personal injuries and property damages of all types; consumer, insurance and securities fraud; and third-party payer litigation.

I have had the privilege of serving as court-appointed Co-Lead Counsel, Liaison Counsel, or member of the Plaintiffs' Executive and/or Steering Committees in many of the most complex and nationally-impactful multidistrict proceedings in the United States, including those described in greater detail below. From these experiences I have drawn a keen sense of the demands and challenges presented in sprawling litigations like the present action, and understand the importance of having not only first-rate legal minds among plaintiffs' counsel, but also seasoned and respected leaders capable of fomenting collegiality, cohesiveness and decorum among colleagues, in furtherance of the clients' common good. Over time, I have come to earn the trust of my peers and adversaries alike—as well as the jurists before whom I have practiced—by virtue of a disciplined, earnest and honest approach to litigation and conflict resolution. It would be my privilege to apply my experience to the plaintiffs' common benefit here, and, if appointed, I will commit my personal and my firm's time and resources to so serve.

Selected court appointments include:

- Appointed to Plaintiffs' Steering Committee by the Honorable Charles R. Breyer in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2672 (N.D. Ca.), representing individuals affected by the Volkswagen diesel emissions controversy. I serve on the Settlement Committee and was one of the lead negotiators of a $14.7 billion settlement which includes a massive buyback program for consumers and billions of dollars for environmental remediation.

- Appointed Co-Lead Class Counsel by the Honorable Anita Brody in *In re National Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.) and served as chief negotiator on behalf of plaintiffs in the highly visible and contentious multidistrict litigation against the National Football League. There, I faced significant legal and procedural challenges, including those associated with federal preemption, causation and sub-classing. Ultimately, I was able to surmount these hurdles and lead settlement negotiations under the auspices of a mediator, and in coordination with subclass counsel. The results achieved there—an uncapped settlement fund valued at approximately $1 billion and a medical testing program—were overwhelmingly supported by the class and received unprecedented media attention. This settlement was approved by the Third Circuit Court of Appeals and certification of appeal was recently denied by the United States Supreme Court.

- Appointed Co-Lead Counsel by the Honorable Matthew Kennelly in *In re Testosterone Replacement Therapy Prods. Liab. Litig*., MDL No. 2545 (N.D. Ill.), representing the interests of individuals who were injured by testosterone medications.

- Appointed to the Plaintiffs' Executive Committee by the Honorable Douglas P. Woodlock in *In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.,* MDL No. 2428 (D. Mass.).

- Appointed as Liaison Counsel by the Honorable Jack B. Weinstein in *In re Zyprexa Prods. Liab. Litig.,* MDL No. 1596 (E.D.N.Y.), and served as one of the chief negotiators in connection with a national $700 million settlement with Eli Lilly for over 8,000 claims that Zyprexa caused diabetes-related injuries. This was followed by a $500 million second-round settlement.

- Appointed to the Plaintiffs' Executive Committee by the Honorable David A. Katz in *In Re: Depuy Orthopaedics, Inc. ASR Hip Implant Prods. Multidistrict Litigation*, MDL No. 2197 (N.D. Ohio) and was involved in negotiating an almost $3 billion settlement.

- Appointed to the Plaintiffs' Steering Committee by the Honorable David R. Herndon in *In re Yasmin and YAZ Marketing, Sales Practices and Prods. Liab. Litig*., MDL No. 2100 (S.D. Ill.). Mr. Seeger was the first to settle own clients' cases, which ultimately led to the creation of nationwide settlement program exceeding $2 billion.[1]

---

[1] In accordance with the Court's directive limiting applications to three pages, I have not included all relevant experience. If the Court so desires, I would be pleased to submit my complete biography.

My success as a negotiator is bolstered by my reputation as a successful trial lawyer. Defense counsel know from repeated examples that I am fully capable and more than willing to take large and complex cases to trial, alongside the many other experienced trial lawyers in my firm. Indeed, my successes in trying bellwether cases have served as a catalyst to global settlements. For example, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La.), in which I was appointed as Co-Lead Counsel, settled for $4.85 billion following five years of intense litigation, but mere months after I and others at Seeger Weiss obtained a jury verdict of $47.5 million in one of our client's bellwether trials.   Similarly, in *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047 (E.D. La.), in which I was appointed as Chair of the Plaintiffs' Trial Committee, I served as lead trial counsel in obtaining successful verdicts in a succession of bellwether liability and damages trials. These verdicts served as the precursor to a national settlement valued at approximately $1 billion with a worldwide drywall distributor in 2011.

Additionally, I am an elected member of the American Law Institute; a member of the Board of Advisors to the NYU School of Law, Center on Civil Justice; and serve on an Advisory Council to the Duke Law Center for Judicial Studies.  Consistent with the goals these respected organizations, I have devoted great time and energy to teaching and lecturing law school students and emerging practitioners, as well as veterans at the bar, in a variety of venues and settings. Among other things, I have taught an advanced level class on Complex Litigation at my alma mater, Cardozo Law School, and regularly lecture or serve as a panelist joining distinguished members of the bench and bar in the continued examination of the theory, process and practice of the law.   Through these immersive experiences, I have broadened my insights and perspectives on the practice of law and my abilities in finding pragmatic solutions to many vexing problems that I regularly face in my litigation career.  As just one example of my creative thinking, I was the first to conceive of and to use a global lien resolution administrator in the class or mass action context to resolve government and/or third party liens, resulting in significant savings and quicker payments to class members.  *See, e.g., In re Zyprexa Prods. Liab. Litig.*, MDL 1596, 2006 WL 2385230 (E.D.N.Y. Aug. 15, 2006); *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2014 WL 31645, at *9-10 (E.D. La. Jan. 3, 2014).

In conclusion, I expect to bring the experience and abilities described above to benefit all plaintiffs and to assist in the efficient resolution of this matter, if called upon to do so.

Respectfully submitted,

/s/ Christopher A. Seeger
CHRISTOPHER A. SEEGER

SEEGER WEISS, LLP
77 Water Street, 26th Floor
New York, New York 10005
212-584-0700
cseeger@seegerweiss.com

3