UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
IN RE: INVOKANA (CANAGLIFLOZIN)    :   MDL NO. 2750
PRODUCTS LIABILITY LITIGATION      :   Civil Action No. 3:16-md-2750
                                   :
                                   :   JUDGE BRIAN R. MARTINOTTI
                                   :   JUDGE LOIS H. GOODMAN
_____:

CASE MANAGEMENT ORDER NO. 4
(Direct Filing – Stipulated)

The parties hereby submit this Stipulated Order regarding direct filing in the MDL.

**I.      Scope of Order**

This Order applies to actions related to Invokana or Invokamet that are directly filed in MDL No. 2750. This Order only applies to claims brought by U.S. residents.

**II.     Direct Filing of Cases into MDL No. 2750**

**A.     Direct Filing.** To eliminate delays associated with transfer of cases filed in or removed from other federal district courts to this Court, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL No. 2750 may file his or her case directly in MDL No. 2750 in the District of New Jersey.

**B.     Designation in Complaint**. For cases directly filed in the MDL pursuant to this Order, the complaint must utilize the caption set forth in Section I below and include: (1) a statement indicating that it is being filed in accordance with Case Management Order No. 4 and (2) a designation of venue, which will be the presumptive place of remand absent a showing by plaintiffs or defendants that the place of remand should be elsewhere based upon some good cause pursuant to Section E below. For any case filed in the District of New Jersey before entry of this

1

Order, to be considered a direct-filed case pursuant to this Order, plaintiff(s) must file within forty-five (45) days of entry of this Order a "Notice of Direct Filed Action Pursuant to Case Management Order No. 4" that includes a designation of venue, which will be the presumptive place of remand absent a showing by plaintiffs or defendants that the place of remand should be elsewhere based upon some good cause pursuant to Section E below.

C. **Pretrial Proceedings Only; No *Lexecon* Waiver.** Each case filed directly in MDL No. 2750 will be filed in MDL No. 2750 for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's December 7, 2016 Transfer Order. Plaintiffs and Defendants' agreement to this Order does not constitute a waiver under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) by either party.

D. **No Concession as to Jurisdiction or Proper Venue.** The inclusion of any action in MDL No. 2750 pursuant to this Order shall not constitute a determination by this Court that jurisdiction or venue is proper in this District.

E. **Transfer for Trial to Federal District Court of Proper Venue.** Upon completion of all pretrial proceedings applicable to a case filed directly before this Court in MDL 2750 pursuant to this Order, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to the federal district court in the district of proper venue as defined by 28 U.S.C. §1391, based on the district the plaintiff(s) designate(s) in his/her direct filed Complaint, in the manner set forth in Section K below. This designated venue will be the presumptive place of remand, absent a showing by plaintiff or defendants that the place of remand should be elsewhere based upon some good cause, which could include where the plaintiff resided at the time of prescription and ingestion, where plaintiff resided at time of injury, location of relevant healthcare professionals,

or some other factors. Further, the parties may agree to a place of remand different than what the plaintiff so designates. Nothing contained in this Order shall preclude the parties from agreeing, at a future date, to try cases filed pursuant to this Order in the District of New Jersey.

**F. Choice of Law.** Filing a case directly in MDL No. 2750 pursuant to this Order will not determine the choice of law, including the statute of limitations. Any choice of law principles will be decided at a later date.

**G. Statute of Limitations.** All Defendants stipulate and agree that the filing of a complaint directly in MDL No. 2750 pursuant to this Order shall stop the running of any statute of limitations, statute of repose, or prescriptive or preemptive period as if the complaint had been filed in an appropriate venue.

**H. Motions to Dismiss.** Defendants reserve all rights to move to dismiss under Rule 12 or Rule 9 any and all causes of action in any Direct Filed Complaint following discovery in these cases, and after implementation of a likely bellwether process.

**I. No Waiver as to Service or Personal Jurisdiction.** Defendants' agreement to this direct filing order shall not constitute an appearance by or for any Defendant not properly served and/or not subject to personal jurisdiction.

**J. Caption.** The caption for any complaint that is directly filed in MDL No. 2750 before this Court shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ | : | |
| IN RE: INVOKANA (CANAGLIFLOZIN) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2750 Master Docket No. 3:16-md-2750 |
| _____, | : : : | JUDGE BRIAN R. MARTINOTTI JUDGE LOIS H. GOODMAN |
| Plaintiff, | : : : | DIRECT FILED COMPLAINT |
| vs. | : : | PURSUANT TO CASE MANAGEMENT ORDER NO. _ |
| _____, | : : | Civil Action No.:_____ |
| Defendants. _____ | : : | |

**K.** **Filing Under this Order:** When utilizing and invoking this Order to file a case directly in this MDL, plaintiff shall assert the following leading paragraph:

> Plaintiff(s) file this Compliant pursuant to CMO No. 4, and are to be bound by the rights, protections and privileges and obligations of that CMO. Further, in accordance with CMO No. 4, Plaintiff(s), hereby designate the United States District Court for the _____ as the place of remand as this case may have originally been filed there.

**L.** **Attorney Admission.** In accordance with Case Management Order 1, Section 6, any attorney admitted to practice and in good standing in any United States District Court is admitted pro hac vice in this litigation and association of co-counsel for purposes of filing and/or litigation, including direct filing, is not required.

**M.** **Electronic Filing.** All complaints must be filed electronically absent extraordinary circumstances. Prior to any plaintiff's lawyer filing a complaint directly in MDL No. 2750, that attorney must register for and have a District of New Jersey CM/ECF login name and password.

4

All attorneys must familiarize themselves with the District of New Jersey's Elecronic Case Filing Policies and Procedures as Amended April 3, 2014, which can be found at **http://www.njd.uscourts.gov/sites/njd/files/PoliciesandProcedures2014.pdf**, as well as the Instructions for Filing a Civil Complaint that can be found at **http://www.njd.uscourts.gov/sites/njd/files/efile.complaint.removal.appeal.pdf.**

**N.** **Signature Block.** When electronically filing the pleadings, the signature block shall follow the below format:

> RESPECTFULLY SUBMITTED,
>
> _____/s/ Jane Doe_____
> Jane Doe
> NAME OF LAW FIRM
> ADDRESS
> TELEPHONE
> FAX
> EMAIL@EMAIL.com
> Bar Identification No.:
> Attorney for Plaintiff

**O.** **Filing Fees.** Internet credit card payments shall be required for all complaints and made online through Pay.gov. Plaintiff's counsel will be prompted to pay the required filing fee at the time of the filing of the complaint. Information regarding fiing fees can be found at **http://www.njd.uscourts.gov/sites/njd/files/efile.complaint.removal.appeal.pdf**.

IT IS SO ORDERED, this <u>10th</u> day of <u>March    </u> 2017.


> /s/Brian R. Martinotti_____
> HON. BRIAN R. MARTINOTTI
> UNITED STATES DISTRICT JUDGE