# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: INVOKANA (CANAGLIFLOZIN) PRODUCTS LIABILITY LITIGATION  MDL No. 2750

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the Southern District of California action listed on the attached Schedule A (*Aguirre*) move under Panel Rule 7.1 to vacate our order conditionally transferring the action to the District of New Jersey for inclusion in MDL No. 2750. Defendant Janssen Pharmaceuticals, Inc., opposes the motion.

After considering the argument of counsel, we find that *Aguirre* involves common questions of fact with actions transferred to MDL No. 2750, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL "share factual questions arising from allegations that taking Invokana or Invokamet may result in patients suffering various injuries, including diabetic ketoacidosis and kidney damage." *See In re: Invokana (Canagliflozin) Prods. Liab. Litig.*, — F. Supp. 3d —, 2016 WL 7221425, at *2 (J.P.M.L. Dec. 7, 2016). The *Aguirre* action plainly involves those same questions.[1]

In support of their motion to vacate, the *Aguirre* plaintiffs principally argue that their action was improperly removed, and their motion for remand to state court is pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present their arguments regarding those issues to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____ Deputy Clerk

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] *See, e.g., Aguirre* Compl. ¶ 4 ("After beginning treatment with INVOKANA, and as a direct and proximate result of Defendants' actions and inaction, Plaintiffs developed diabetic ketoacidosis, acute kidney injury, stroke, and/or amputations.").

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

IT IS THEREFORE ORDERED that the *Aguirre* action is transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Brian R. Martinotti for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Charles R. Breyer         Lewis A. Kaplan
Ellen Segal Huvelle       R. David Proctor
Catherine D. Perry

IN RE: INVOKANA (CANAGLIFLOZIN)
PRODUCTS LIABILITY LITIGATION                MDL No. 2750

## SCHEDULE A

<u>Southern District of California</u>

AGUIRRE, ET AL. v. JANSSEN PHARMACEUTICALS, INC., ET AL.,
C.A. No. 3:17-00918