**SeegerWeiss**LLP

77 Water Street, New York, NY 10005   P 212.584.0700   F 212.584.0799   www.seegerweiss.com

November 13, 2017

Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Building
402 E. State Street
Trenton, New Jersey 08608

*In Re: Invokana (Canagliflozin) Products Liability Litigation; MDL No. 2750*
*(Response to Motion to Resign from Plaintiff's Steering Comm., Dkt. No. 235)*

Dear Judge Martinotti:

We write on behalf of the PSC and in response to the Motion to Resign from the Plaintiff Steering Committee filed by Jason Webster on October 10, 2017. While the PSC regrets Mr. Webster's decision to withdraw from the PSC, we do not oppose his motion.

As the Court may recall, Mr. Webster and his colleagues sought membership onto the PSC in January 2017 and at that time, represented to this Court that they had 700 cases. *See* Jan. 12, 2017 Status Conf. Tr. at 8:16-24. On October 2, 2017, Mr. Webster advised the PSC that he needed to resign from the committee due to "time constraints." Five days later, he filed a formal motion with the Court to resign from the PSC, purporting to have resolved all of his firm's diabetic ketoacidosis claims "shortly" after formation of the MDL. Mr. Webster is now seeking to be relieved of his obligations to the PSC. While his resignation is unfortunate, it is not opposed, and the PSC wishes him well in his other matters.

However, before his motion is granted, the PSC must ensure that any settlement agreement entered into by Defendants and Mr. Webster on behalf of his clients complies with CMO 6, the Common Benefit Order ("CMO 6"). As the Court is aware, this CMO applies to all attorneys who executed a Participation Agreement (Exhibit A to CMO 6), were PSC members, or were counsel with cases filed in federal court. Mr. Webster obviously meets at least two of these requirements. Presently, we do not know the timing of Mr. Webster's settlements. As the Court is aware, CMO 6 requires a holdback of a small percentage of settlement funds to pay for common benefit expenses (i.e. expenses that benefit all plaintiffs - like court transcripts, expert witnesses for the case as well as Science Day, document review, and more), as well as common benefit fees (which are designed to compensate the attorneys who contributed work and time and effort to the common benefit of the overall case). The amount to be held back is dependent upon when such settlements

occur. While, there has yet to be any determination of the amount of common benefit expenses or common benefit fees incurred for prosecuting the Invokana MDL, the PSC must nevertheless ensure that Mr. Webster and Defendants comply with CMO 6.

The PSC hopes to discuss this matter with Mr. Webster and counsel for Defendants in the coming days or weeks. As such, the PSC respectfully requests that the Court defer granting Mr. Webster's motion at this time, so that the parties can meet and confer over the holdback requirements of CMO 6 and, if necessary, set this matter for hearing during the December 6, 2017, case management conference.

As always, we thank the Court for its time and courtesies.

Respectfully submitted,

/s/ Christopher A. Seeger
CHRISTOPHER A. SEEGER
SEEGER WEISS, LLP
77 Water Street, 26th Floor
New York, New York 10005
(212) 584-0700
cseeger@seegerweiss.com

/s/ Michael A. London
MICHAEL A. LONDON
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, New York 10038
(212) 566-7500
mlondon@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

cc: All Counsel of Record (via ECF)