UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: INVOKANA (CANAGLIFLOZIN) PRODUCTS LIABILITY LITIGATION ) ) ) ) | 3:16-md-02750-BRM-LHG |
| THIS DOCUMENT APPLIES TO ALL ACTIONS ) ) ) ) ) | JUDGE BRIAN R. MARTINOTTI JUDGE LOIS H. GOODMAN |

## UNOPPOSED MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND AND APPOINT ADMINISTRATOR

Seeger Weiss LLP ("SW "), as counsel for certain Plaintiffs in this MDL 2750, move and request the Court to enter an Order to: (1) establish a qualified settlement fund pursuant to Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1 *et seq*., which shall be called the "Seeger Weiss Invokana Settlement Fund" (the "QSF") for the purpose of facilitating the settlement of certain tort claims against Defendants Janssen Pharmaceuticals, Inc., Janssen Research and Development, LLC, Johnson & Johnson Co., Janssen Ortho, LLC. ("Janssen Defendants") relating to certain alleged diabetic ketoacidosis, acute kidney injury and amputation injuries and losses relating to Invokana/Invokamet, and (2) appoint an administrator for the QSF. Further, the Janssen Defendants do not oppose or object to this motion.

A memorandum in support of this motion is set forth below.

Respectfully submitted,

**SEEGER WEISS LLP**

/s/ Christopher A. Seeger____
Christopher A. Seeger
Asim M. Badaruzzaman
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
Fax: (973) 639-9393
cseeger@seegerweiss.com
abadaruzzaman@seegerweiss.com

*Counsel for Plaintiffs*

## **MEMORANDUM**

Seeger Weiss LLP ("SW") sets forth the following Memorandum in support of its motion to establish the Seeger Weiss Invokana Settlement Fund (the "QSF"):

1. SW and Defendants Janssen Pharmaceuticals, Inc., Janssen Research and Development, LLC, Johnson & Johnson Co., Janssen Ortho, LLC. ("Janssen Defendants") have entered into a Confidential Master Settlement Agreement ("MSA") to resolve the actions, disputes and claims of certain Claimants represented by SW relating to diabetic ketoacidosis, acute kidney injury and amputation injuries and losses allegedly suffered by those Claimants in connection with Invokana/Invokamet ("Claims").

2. Pursuant to the terms of the MSA, the Janssen Defendants have agreed in principle to deposit a confidential settlement amount (the "Settlement Fund") into a qualified settlement fund for the benefit of the Settling Claimants, in full and final satisfaction of all Claims. SW moves this Court to establish the QSF in anticipation of same, and to exist as a qualified settlement fund under Internal Revenue Code § 468B and Treasury Regulations 1.468B-1 *et seq.* for the purpose of holding the Settlement Fund.

3. The QSF shall be a qualified settlement fund under Internal Revenue Code § 468B and Treasury Regulations 1.468B-1 *et seq.* because: (1) the QSF is being established subject to approval of this Court and is subject to the continuing jurisdiction of this Court; (2) the QSF is being established to resolve or satisfy claims of alleged tort or violation of law arising out of Invokana/Invokamet; and (3) the QSF will be an account whose assets will be segregated from the general assets of the Janssen Defendants and related persons, and deposited therein.

4. SW moves this Court to appoint Archer Systems, LLC, with a business address of 1775 St. James Place, Suite 200, Houston, TX 77056 ("Archer"), as the administrator

("Administrator") of the QSF to administer the QSF in accordance with the terms of the MSA and agreement entered into between SW and Archer. The Administrator shall also serve as the administrator within the meaning of Treasury Regulations § 1.468B-2(k). SW requests that Archer serve as the Administrator without bond. The Janssen Defendants do not object to the appointment of Archer as the Administrator of the QSF.

5. Archer submits to the personal jurisdiction of this Court. The Administrator shall, upon request, prepare and deliver to the Court such reports involving the administration of the QSF as the Court may request from time to time.

6. At this time, the exact allocation among and distributions to the Settling Claimants, or any other persons or entities asserting a claim of subrogation or reimbursement, have not been finalized. However, as those allocation and distribution decisions take place, it will be in the best interest of the Janssen Defendants, SW, and the Settling Claimants to consolidate all settlements for management into a single qualified settlement fund. This will afford the parties time to determine appropriate distribution amounts among Settling Claimants, as well as identify, resolve, and satisfy liens, reimbursement claims, and/or reimbursement rights. The Court should, therefore, approve the establishment of the QSF as being in the best interests of the parties and Settling Claimants.

7. The funds to be held in the QSF are the sole property of the QSF. Until such time as funds are distributed from the QSF, the Settling Claimants shall not possess any rights to demand or receive any portion of the escrowed funds and shall not possess any right to mortgage, pledge, or encumber the same in any manner. To the extent possible, this Motion shall be construed so as to prevent the Settling Claimants from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the QSF.

8. No distributions shall be made from the QSF except as permitted by the terms of the Settlement Agreement.

9. SW requests that no bond be required and further requests approval that the Settlement Fund be held by Esquire Bank, a federally insured depository institution which has been selected by SW, with the consent of Archer, to serve as custodian of the Settlement Fund (the "Custodian"). In accordance with instructions provided by the Administrator, the Custodian shall invest the Trust Estate in: (i) United States Agency, Government Sponsored Enterprises or Treasury securities or obligations (or a mutual fund invested solely in such instruments); (ii) cash equivalent securities including SEC registered money market funds and collateralized money market accounts; and/or (iii) deposit and similar interest-bearing, or non-interest bearing, accounts subject to Federal Depository Insurance Corporation protections as available. The fundamental goal of the Administrator is to preserve the Settlement Fund held within the QSF, reduce investment costs and fees, and earn a reasonable but safe return on investment of those funds.

10. The Custodian shall cause to be prepared and delivered Fund Statements ("Statements") on a monthly and annual basis to interested parties, including SW, and the Administrator. The Statements shall include, without limitation, a statement of receipts, investment earnings, and disbursements. The Custodian shall provide the monthly Statements as soon as available, but in no event later than ten (10) business days following the end of the month to which those statements relate. The Custodian shall provide the annual Statements as soon as available, but in no event later than forty-five (45) days following the end of each calendar year.

11. The Fund Administrator is to be authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee, and otherwise administer the QSF according to the terms

of the Qualified Settlement Fund Agreement, attached hereto as Exhibit A, and to be executed by SW and the Administrator in substantial form thereof.

12. Upon final distribution of all settlement funds received into the QSF and allocated to Settling Claimants, the Administrator shall take appropriate steps to wind down the QSF and thereafter be discharged from any further responsibility with respect to the QSF. The Administrator may, but shall not be obligated to, seek a final order of discharge from this Court.

## CONCLUSION

For the reasons stated above, SW respectfully requests that the Court approve establishment of the QSF as a qualified settlement fund, and enter an Order in the form submitted herewith.

November 13, 2018

Respectfully submitted,

**SEEGER WEISS LLP**

/s/ Christopher A. Seeger
Christopher A. Seeger
Asim M. Badaruzzaman
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
Fax: (973) 639-9393
cseeger@seegerweiss.com
abadaruzzaman@seegerweiss.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2018 a copy of the foregoing **UNOPPOSED MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND AND APPOINT ADMINISTRATOR** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
Fax: (973) 639-9393
cseeger@seegerweiss.com

*Counsel for Plaintiffs*